IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANA MARIE DEL VALLE, | : | CIVIL ACTION |
| | : | NO.  10-2330 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL ASTRUE, | : | |
| Commissioner of the | : | |
| Social Security | : | |
| Administration, | : | |
| | : | |
| Defendant. | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                    September 23, 2011

## I.   BACKGROUND

### A.   Factual Background

Plaintiff was born on November 8, 1972.  She was thirty-four at the time she filed her application for SSI, and she was thirty-five at the time of the final administrative decision. Plaintiff completed school through high school and has past relevant work experience as a parts packer, a crystal cutter, and a nurse's assistant. See R. 25; see also R&R 1.

Plaintiff alleges that her disability onset date is March 9, 2006. R. 12, 14. Plaintiff alleges that she is disabled due to the following conditions: degenerative disc disease, bilateral osteoarthritis of the knees, obesity, diabetes mellitus, hypertension, bipolar affective disorder, and an anti-social personality disorder. Id. at 2.

B.   <u>Procedural History</u>

On December 29, 2006, Plaintiff applied for SSI benefits.  The Social Security Administration denied Plaintiff's initial claim for benefits, whereupon, Plaintiff requested and was granted an administrative hearing. R. 27-65, 66-71. On March 26, 2008, Administrative Law Judge Margaret A. Lenzi ("ALJ") held a hearing, after which Plaintiff was found not disabled and not entitled to receive benefits because she was capable of performing a significant number of jobs that exist in the national economy. <u>Id.</u> at 12-26.

The Appeals Council denied Plaintiff's request for review of the ALJ's decision, on April 4, 2010, finalizing the Commissioner's determination to deny benefits. <u>Id.</u> 1-4. Plaintiff subsequently filed this complaint on May 19, 2010 seeking review of the ALJ's decision. Following Plaintiff's motion for a request for a review, this case was referred to Magistrate Judge Lynne A. Sitarski for a Report and Recommendation on the matter. R&R 2. Therein, Plaintiff requested that the Commissioner's decision denying her SSI benefits be vacated, and to remand her case to the Commissioner for further development and a decision taking into account any rulings issued by the Court. In opposition, the Commissioner requested an affirmation of the ALJ decision, denying Plaintiff's SSI request.

2

On August 31, 2011, Magistrate Judge Sitarski issued a Report and Recommendation recommending that Plaintiff's request for review be denied, and judgment be entered in favor of Defendant. Magistrate Judge Sitarski found that the ALJ's decision was supported by substantial evidence of record, including the ALJ's Listing analysis, the Residual Functional Capacity ("RFC") determination, and the corresponding hypothetical to the vocational expert ("VE").

## II.  MAGISTRATE JUDGE SITARSKI'S REPORT AND RECOMMENDATION

Magistrate Judge Sitarski recommended that Plaintiff's motion for request for review be denied, and that judgment be entered in this matter in favor of the Defendant. See R&R 33.

### A.  Legal Standard

The Court undertakes a de novo review of the portions of the Report and Recommendation to which Defendant has objected. See 28 U.S.C. § 636(b)(1); Cont'l Cas. Co. v. Dominick D'Andrea, Inc., 150 F.3d 245, 250 (3d Cir. 1998). The Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

In reviewing the Commissioner's final determination

that a person is not disabled[1] and therefore not entitled to
Social Security benefits, the Court may not independently weigh
the evidence or substitute its own conclusions for those reached
by the ALJ. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002).
Instead, the Court must review the factual findings presented in
order to determine whether they are supported by substantial
evidence and decided according to correct legal standards. See 42
U.S.C. § 405(g); Rutherford v. Barnhart, 399 F.3d 546, 552 (3d
Cir. 2005).

Substantial evidence constitutes that which a
"reasonable mind might accept as adequate to support a
conclusion." Rutherford, 399 F.3d at 552 (internal marks
omitted). "It is 'more than a mere scintilla but may be somewhat
less than a preponderance of the evidence.'" Id. (quoting
Ginsburg v. Richardson, 436 F.2d 1146, 1148 (3d Cir. 1971)). If
the ALJ's decision is supported by substantial evidence, the

---

[1]      A claimant is "disabled" if he or she is unable to
engage in "any substantial gainful activity by reason of any
medically determinable physical or mental impairment which can be
expected to result in death or which has lasted or can be
expected to last for a continuous period of not less than 12
months." 42 U.S.C. § 423(d)(1); 20 C.F.R. § 416.905.

         A five-step sequential evaluation is used to evaluate a
disability claim. The initial burden rests on the claimant who
can satisfy her burden by showing an inability to return to her
past relevant work. If the claimant satisfies her burden, the
burden shifts to the Commissioner to show the claimant, given her
age, education, and work experience, has the ability to perform
specific jobs existing in the economy.  20 C.F.R. §§ 416.920,
404.1520; see Rutherford, 399 F.3d at 551.

4

Court may not set it aside even if the Court would have decided the factual inquiry differently. See Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999) (citations omitted); see also Rutherford, 399 F.3d at 552 ("In the process of reviewing the record for substantial evidence, we may not 'weigh the evidence or substitute [our own] conclusions for those of the fact-finder.'" (quoting Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992))).

Because Magistrate Judge Sitarski outlined the standards for establishing a disability under the Social Security Act and summarized the five-step sequential process for evaluating disability claims, these efforts will not be duplicated here. See R&R 2 n.1; see also Santiago v. Barnhart, 367 F. Supp. 2d 728, 732 (E.D. Pa. 2005) (Robreno, J.) (outlining the standards and five-step sequential process for evaluating disability claims).

B. Magistrate Judge Sitarski's Analysis[2]

Plaintiff has four main contentions regarding the ALJ's

_____

[2]    A magistrate judge must accept factual findings of the Commissioner as conclusive if supported by "substantial evidence." Richardson v. Perales, 402 U.S. 389, 390 (1971) (citing 42 U.S.C. § 405(g)); see also Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003) ("leniency [should] be shown in establishing claimant's disability") (internal citations omitted).

determination. She argues that the following four decisions constitute errors of law requiring remand: (1) the ALJ erred at step three by failing to consider all of Plaintiff's impairments in combination for a proper Listings of Impairments evaluation; (2) the ALJ's RFC finding at step four is not supported by substantial evidence of record, because the ALJ improperly (a) rejected certain GAF scores; (b) ignored a subpoena request, and (c) applied her own lay opinion; (3) the ALJ's hypothetical to the vocational expert at step five was insufficient; and (4) new evidence proves that Plaintiff is entitled to disability benefits. See R&R 5-6. Magistrate Judge Sitarski considered the various sources of medical evidence, the submissions of counsel, the testimony at the administrative hearing, and the ALJ's decision and found no merit to any of Plaintiff's claims.

     1.   The ALJ's Step Three Assessment of the Combined
            Effects of Plaintiff's Impairments Was Proper.

Plaintiff argues that the ALJ improperly analyzed whether her impairments, in combination, met or equaled any of the Listings of Impairments. R&R 6. In particular, Plaintiff argues that the ALJ failed to explicitly discuss the impairments she suffers in combination, nor did she sufficiently differentiate between Plaintiff's mental impairments. Pl.'s Br. at 3-5.

The Listing of Impairments analysis applies at step

three and requires the ALJ to decide whether the impairments identified at step two, or a combination thereof, meet an SSA-listed disability. See Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000); see also 20 C.F.R. § 416.920. The Listing of Impairments aids the decision-making process by identifying those claimants whose medical impairments are so severe that they would be found disabled regardless of their vocational background. See Sullivan v. Zebley, 493 U.S. 521, 532 (1990). If the impairments singly or in combination satisfy the medical criteria necessary to meet or equal a Listing then it is conclusively presumed to be disabling. 20 C.F.R. § 416.925(a).

While Plaintiff has the burden of persuasion at step three of the disability-claim analysis, the ultimate determination as to whether a claimant meets or equals the requirements of a listed impairment is reserved to the Commissioner. Cooper v. Comm'r of Soc. Sec., 268 Fed. App'x 152, 156 (3d Cir. 2008)(non-precedential); 20 C.F.R. § 416.927(e)(2) & (3). A benefits claimant may be disabled due to the effect of her impairments in combination. The ALJ must, therefore, consider the claimant's impairments combined. 20 C.F.R. § 416.923.

Upon review of the record, Magistrate Judge Sitarski was satisfied that the ALJ properly considered Plaintiff's impairments singly and in combination and that the findings at step three were supported by substantial evidence of record. R&R

14-16. The ALJ provided detailed findings and demonstrated sufficient development of the record and explanation of the findings to permit meaningful review. <u>See</u> <u>Johnson v. Comm'r of Soc. Sec.</u>,398 Fed. App'x 727, 734 (3d Cir. 2010); <u>Burnett v. Comm'r of Soc. Sec.</u>, 220 F.3d 112, 119 (3d Cir. 2000). Specifically, the ALJ carefully examined each severe impairment and discussed the medical evidence at length with respect to each impairment singly and in combination, concluding that they all failed to meet a key element of the relevant Listings. R. 15-19.

Contrary to what Plaintiff asserts, the record shows that the ALJ repeatedly and expressly stated that all of Plaintiff's severe impairments were being considered singly and in combination.[3] R. 15-19. For example, the ALJ concluded that Plaintiff's obesity was severe and contributed to all of her underlying conditions and symptoms, but even in combination with her other impairments did not meet or equal any Listing. R. 16. Furthermore, the ALJ twice stated that Plaintiff's mental impairments when "considered singly and in combination," do not meet or equal the criteria of the Listings. R. 18-19. Lastly, after specifically reviewing each severe impairment and the relevant Listings, the ALJ finished by considering the cumulative effects of all of Plaintiff's mental and physical impairments,

---

[3] Plaintiff has not explained what Listing(s) would have been met by a specific combination of impairments that the ALJ allegedly failed to consider.

and concluded that they did not, either singly, or in combination
meet or equal any of the Listings. R. 19.

Plaintiff repeatedly cites to <u>Cooper</u> to support her
contention that the ALJ's Listing analysis was deficient. In
<u>Cooper</u>, however, the ALJ never once discussed combining
Plaintiff's many ailments and disregarded Plaintiff's request for
consideration of his obesity in combination with his other
impairments. Here, the ALJ's opinion repeatedly and thoroughly
explains that even viewed in combination, Plaintiff's impairments
do not meet or medically equal one of the listed impairments.
Plaintiff fails to explain how the ALJ could have provided a more
appropriate consideration of the combined effects of her
impairments other than by stating that her impairments were never
considered in combination. Given this, Magistrate Judge Sitarski
properly concluded that the ALJ did not fail to take account of
the combined effect of Plaintiff's impairments nor did the record
lack substantial evidence to support the non-disability
determination at step three.

Plaintiff's second assertion also is unfounded as the
ALJ properly differentiated between Plaintiff's bipolar disorder
and anti-social personality disorder. R. 17-19.  In determining
that neither mental impairment met or equaled the criteria of
Listing 12.04 (Affective disorders) nor Listing 12.08
(Personality disorders), the ALJ sufficiently discussed the

9

medical evidence concerning Plaintiff's mental impairments. R. 17-19. Furthermore, the ALJ individually addressed the relevant Listings for the two separate impairments and clearly explained that "the 'B' criteria of Listings 12.04 and 12.08 are not satisfied" because Plaintiff did not have more than moderate restrictions in her ability to maintain social functioning, no more than moderate difficulties with regard to concentration, persistence or pace, and no episodes of decompensation. R. 19.

In short, the Court will affirm Magistrate Judge Sitarski's recommendation that judgment be entered in favor of the Defendant with respect to this issue as there is substantial evidence on the record that the ALJ properly considered Plaintiff's impairments in combination and appropriately differentiated between Plaintiff's two mental impairments.

2.    The ALJ's Step Four Assessment Is Supported by Substantial Evidence.

Plaintiff next argues that the ALJ's finding at step four is not supported by substantial evidence of record.[4] See Pl.'s Br. 7-17. Plaintiff claims that the ALJ erroneously

---

[4] Plaintiff's arguments at step four are limited to the ALJ's findings regarding Plaintiff's mental impairments. Therefore, this section of the Report and Recommendation focused on the findings and evidence concerning Plaintiff's mental impairments.

rejected two GAF scores; improperly ignored Plaintiff's subpoena request; and inappropriately applied her own lay opinion in reaching a conclusion. <u>Id.</u> Defendant responds that the ALJ correctly carried out her fact-finding function and relied on substantial evidence in assessing Plaintiff's RFC.

In analyzing this issue, Magistrate Judge Sitarski concluded that the ALJ appropriately addressed the evidence and provided adequate support for the weight afforded to each GAF score. R&R 19. Magistrate Judge Sitarski further found that the ALJ's decision not to issue a subpoena did not warrant a remand and that the ALJ relied on substantial evidence of record in her RFC Assessment, not on her lay opinion. <u>Id.</u> at 24.

    a.    <u>The ALJ's analysis of Plaintiff's global
          assessment of functioning scores was proper.</u>

The Plaintiff claims that the ALJ erred in rejecting multiple GAF scores at 50 or below without citing a supporting expert source. Pl.'s Br. at 10. Plaintiff anticipates that a favorable ruling on the subpoena issue (discussed subsequently) would produce documents to corroborate the low GAF scores discounted by the ALJ. Pl.'s Reply at 11.

The Social Security Administration states that the

Global Assessment of Functioning ("GAF")[5] scale is used by mental health professionals to "assess current treatment needs and provide a prognosis." 65 Fed. Reg. 50746, 50764-65 (2000). GAF scores provide medical evidence which must be considered.[6]  See Adorno v. Shalala, 40 F.3d 43, 48 (3d Cir. 1994); Colon v. Barnhardt, 424 F. Supp. 2d 805, 812 (E.D. Pa. 2006).  However, pursuant to Social Security Administration rules, a claimant's GAF score is not considered to have a "direct correlation to the severity requirements." 65 Fed. Reg. 50746, 50764-65 (2000). While all medical evidence does not have to be accepted, the ALJ "must consider all evidence and give some reason for discounting the evidence [the ALJ] rejects."  Adorno, 40 F.3d at 48.  Since GAF scores are medical evidence, it follows, that an ALJ should consider all GAF scores and provide an explanation for any scores that are discounted.

Here, the record contains two GAF scores at 50 or below. First, Susan P. Macios, M.Ed., gave Plaintiff a GAF score of 40 during the initial intake at John F. Kennedy Community

---

[5] A GAF score is "the clinician's judgment of the individual's overall level of functioning." Diagnostic and Statistical Manual of Mental Disorders, ("DSM-IV-TR") 32 (4th Ed. 2000).

[6] A GAF score of 41-50 corresponds to "serious symptoms." R&R 17. On the other hand, a GAF score in the range of 31-40, corresponds to "some impairment in reality testing or communication or major impairments in several areas, such as work or school, family relations, judgment, thinking or mood." Id. at 8.

Mental Health ("JFK") on November 16, 2006. R. 300. Second, Jodi Houlon, LSW, as part of a referral for an in-home evaluation on July 13, 2007 gave Plaintiff a score of 45. R. 342-44. The ALJ specifically addressed the GAF scores, but found that each was entitled to little weight. The ALJ explained in support of her decisions, that the two GAF scores were of limited value because they were entirely based on Plaintiff's "subjective complaints," were a reflection of "snapshot impressions received on one day," and were "inconsistent with other substantial evidence in the record which shows [Plaintiff] does not suffer from more than moderate mental health impairments." R. 18. Additionally, the ALJ noted that the scores were not offered by acceptable medical sources under the regulations, that is, a physician or a psychologist. R. 18; <u>see also</u> R&R 18-19.

Magistrate Judge Sitarski found the ALJ's reasoning for discounting the GAF scores in her total RFC assessment to be well founded because the record supported the ALJ's opinion that the GAF scores were inconsistent with other substantial evidence that supported a conclusion that the Plaintiff's mental impairments were only moderate. While Plaintiff argues that the ALJ rejected the GAF scores based solely on the fact that "they were prepared by a psychologist with only a Master's Degree," the record shows otherwise. Pl.'s Reply at 11. In fact, the ALJ not only provided several reasons in support of her decision, but also accurately

noted that GAF assessments could not be accorded the significance
of a proper medical source because they were not completed by a
psychologist or physician. See 20 C.F.R. § 416.923 (a), (d).
Therefore, the GAF scores were appropriately addressed and
afforded little weight since they lacked corroboration in the
form of clinical and objective medical evidence.


b.   The ALJ's decision not to issue a subpoena
     does not warrant remand.

Plaintiff argues that she has been prejudiced because
the ALJ did not issue a subpoena to obtain medical records from
JFK nor did she explain her decision not to issue the subpoena.
Pl's Br. at 8. Defendant argues that not only was the subpoena
request untimely, but also that the record before the ALJ was
adequate to provide a full and fair evaluation of Plaintiff's
alleged mental health impairments, and that the ALJ did not abuse
her discretion in not issuing a subpoena.

Magistrate Judge Sitarski found that the ALJ's decision
not to issue a subpoena does not warrant a remand in this case
because the ALJ permissibly exercised her discretion not to do so
and sufficiently explained her reasoning as to why. R&R 23-24.
While an ALJ is required to issue a subpoena when the ALJ has
exhausted all other means of obtaining the information and "the
ALJ determines that the evidence or testimony is reasonably

14

necessary for the full presentation of the case," the ALJ has broad discretion in this assessment. HALLEX, Chapter I-2-5-78 (A), (B); see also 20 C.F.R. § 416.4150(d)(2). When parties request a subpoena they must do so in a timely fashion and adhere to further procedures, such as providing an explanation as to the importance of the facts expected to be produced and why those facts cannot be provided without a subpoena. Id.

Here, Plaintiff makes a plain statement that the records were "potentially critical to a fair resolution of the issues, and are otherwise unavailable." R. 141. Magistrate Judge Sitarski characterized the request as "vague and unsupported," thus justifying the ALJ's reasonable reliance on the record, which included psychotherapy session notes from JFK during the relevant time period. R&R 21. After conducting a thorough and independent review of all of the mental health records provided, Magistrate Judge Sitarski concluded that the ALJ relied upon substantial evidence from sufficient sources in deciding to reject Plaintiff's claim of disability due to mental impairments. Id. at 22. Specifically, she found that the record before the ALJ did not appear to be missing key documents concerning Plaintiff's mental impairments and was therefore adequate to provide a full and fair evaluation of Plaintiff's condition. Id. at 22-24.

While Plaintiff agrees that the ALJ has broad discretion in deciding to grant a subpoena request, she contends

15

that the ALJ merely ignored the request. Pl.'s Br. at 8; see also
Pl.'s Reply at 11. Magistrate Judge Sitarski found Plaintiff's
position to be meritless as the ALJ's decision indicates that
obtaining additional records was considered but deemed
unnecessary to a full and fair evaluation. R. 24-25.

      Furthermore, Plaintiff's basis for her renewed
objection to the subpoena evaluation is based on a view that the
Social Security Hearings, Appeals and Litigation Law Manual
("HALLEX") guidelines, a non-legally binding document, should
have been more strictly construed to require the ALJ to provide a
written explanation of the denial.[7] Pl's Reply at 11. However,
the Third Circuit has explained that the HALLEX "lack[s] force of
law and create[s] no judicially-enforceable rights." Bordes v.
Comm'r of Soc. Sec., 235 F. App'x 853, 859 (3d Cir. 2007)
(non-precedential). As Magistrate Judge Sitarski asserted "[a]n
'objection to [a] violation of a HALLEX provision [i]s not
cognizable,' when 'the claimant ha[s] not shown that she is
prejudiced by the violation.'" Thompson v. Astrue, 2010 WL

---

[7] The following is the relevant section in support of
Plaintiff's argument: "If an ALJ denies a claimant's request for
a subpoena, the ALJ must provide the claimant with written
notification of the denial of the request, and enter both the
request and the denial notification into the record as exhibits.
The denial notification must include rationale that explains why
the ALJ declined to issue a subpoena to compel production of
documentary evidence or appearance and testimony at a hearing or
supplemental hearing." HALLEX, Chapter I-2-5-78 (D).

1718212 at *6 (E.D. Pa. April 27, 2010)(quoting <u>Estrella v.</u>
<u>Astrue</u>, No. 08-5804, 2010 WL 742618, at *3 (E.D. Pa. 2010)).
Here, the Plaintiff was not prejudiced by the ALJ's failure to
more explicitly address the subpoena request because the ALJ was
aware of the request, determined the records were unnecessary and
had a complete record upon which to make her assessments. R&R 23.
Therefore, the ALJ's evaluation of the subpoena request was
appropriate and the Court will affirm Magistrate Judge Sitarski's
recommendation to decline remanding the decision on this basis.


        c.    <u>The Residual Functional Capacity assessment</u>
               <u>was supported by substantial evidence of</u>
               <u>record.</u>

     Plaintiff argues that the ALJ's RFC assessment is
unfounded because the ALJ substituted her lay opinion for expert
opinions and relied on incomplete and selectively chosen portions
of her medical records. Pl.'s Br. at 10. Defendant argues that
the ALJ properly carried out her fact-finding function and relied
on substantial evidence to support her RFC determination that
Plaintiff's mental impairments did not result in limitations that
prevented her from performing a narrow range of sedentary work.
R. 23-25. The Plaintiff did not specifically raise this argument
in her objections aside from by reference to her previous briefs,
therefore, this argument will only be considered in short.

     Residual functional capacity, or RFC, refers to what an

individual can still do despite her limitations. 20 C.F.R. §
416.945(a). The assessment must be based upon all of the relevant
evidence in the record, including medical records, opinions and
the individual's subjective descriptions and observations. Id.

     Plaintiff made the following contentions in support of
her argument that the ALJ improperly relied on her own lay
opinion: (1) the ALJ improperly rejected a Bio-Psychosocial
Evaluation simply because it was conducted by a psychologist with
only a Master's Degree and used only select, out-of-context
portions of the evaluation; (2) the ALJ erroneously discounted
the GAF scores based on her lay theory that they were the product
of "subjective complaints and snapshot impressions received in
one day;" (3) the ALJ inadequately considered Plaintiff's
inability to deal with stress; and (4) the ALJ failed to fully
consider all of Plaintiff's testimony.

     Contrary to all of Plaintiff's allegations, Magistrate
Judge Sitarski found that the ALJ engaged in a thorough fact-
finding assessment, acknowledged and addressed all relevant
evidence, and properly determined that the foregoing medical and
non-medical evidence supported a residual functional capacity for
a limited range of sedentary work. R&R 25-28. The record
reinforces Magistrate Judge Sitarski's conclusion that
substantial evidence supports the ALJ's RFC assessment and that
she did not rely on her own lay opinion to support her decision.

18

3.    The ALJ's Hypothetical to the Vocational Expert
Was Proper.

Plaintiff argues that the hypothetical to the
vocational expert relied upon for the step five assessment failed
to account for Plaintiff's complete inability to handle work-
related stress and was not supported by substantial evidence.
Pl.'s Br. 17-18. Defendant responds that the hypothetical fairly
set forth all of Plaintiff's limitations and the ALJ's decision
that Plaintiff had the mental RFC to perform a limited range of
sedentary work was supported by substantial evidence. Again, the
Plaintiff did not specifically raise this argument in her
objections aside from incorporating all arguments from her
previous briefs.

Magistrate Judge Sitarski found that the ALJ's
hypothetical question adequately presented all of Plaintiff's
impairments that were supported by the record. At the fifth step
of the sequential evaluation process, the burden is on the
Commissioner to establish the existence of work in the national
economy that the claimant is capable of performing. Allen v.
Barnhart, 417 F.3d 396, 401, n.2 (3d Cir. 2005). In order for a
vocational expert's testimony to constitute "substantial
evidence" that such work exists, the ALJ's hypothetical question
must "must reflect all of a claimant's impairments that are

19

supported by the record; otherwise the question is deficient and the expert's answer to it cannot be considered substantial evidence." Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987).

At the administrative hearing, the ALJ asked the vocational expert whether work existed in the national economy for a hypothetical individual of Plaintiff's age, education, work, history, and RFC. R. 58.[8] While Plaintiff is correct in stating that the hypothetical did not incorporate a subjective complaint of total inability to handle work-related stress, the ALJ explained that Plaintiff had been able to maintain employment despite problems with supervisors in the past and evidence shows her medication was effective in managing her symptoms and limitations. R. 24. As Magistrate Judge Sitarski concluded, the record supports the ALJ's position and hypothetical as the record demonstrates that Plaintiff does remain highly functional despite her mental impairments. Thus, the ALJ's decision at step five that Plaintiff was not disabled is supported by substantial evidence of record.

---

[8] Specifically the ALJ asked the VE to assume an individual having the residual functional capacity to perform sedentary work but would have only: "sufficient attention and concentration to understand, remember and follow simple instructions and perform routine tasks, should be in a low stress setting being defined as only occasional decision-making or occasional changes in the work setting [a]nd the individual should only have occasional interaction with the general public, co-workers." R. 58.

Case 2:10-cv-02330-ER   Document 15   Filed 09/27/11   Page 21 of 24

4.    Additional Evidence Submitted Following the ALJ's
      Decision Does Not Warrant a Sixth Sentence Remand.

Plaintiff's final argument is that a Pennsylvania Department of Public Welfare Form completed by Dr. Midwood on May 2, 2008 supports her argument that she is permanently disabled and that the ALJ's decision was not based on substantial evidence. Pl.'s Br. at 10. Defendant argues that this form does not warrant a sentence six remand because the evidence is not new or material and Plaintiff did not provide good cause as to why it was not previously presented to the ALJ. Def.'s Br. At 25-28. Plaintiff did not specifically address this issue in her objections apart from the incorporation of all of her previous arguments.

Magistrate Judge Sitarski found that Plaintiff failed to meet her burden of establishing good cause for failure to submit new and material evidence. R&R. 32. Generally, "evidence that was not before the ALJ cannot be used to argue that the ALJ's decision was not supported by substantial evidence." Matthews v. Apfel, 239 F.3d 589, 594 (3d Cir. 2001). However, under sentence six of 42 U.S.C. § 405(g), the district court may remand the case to the Commissioner if the evidence is new and material, and if there was good cause why it was not previously presented to the ALJ. Magistrate Judge Sitarski found that the evidence was not new as the record merely restated a diagnosis

discussed in previous records. R&R 31. Further, the evidence was

not material because it was simply a two-page check-box form

indicating that Plaintiff is permanently disabled based on a

primary diagnosis of bipolar disorder, which provided no

supporting documentation or explanation for the finding. Id.; see

also R. 351. Lastly, and perhaps most concerning, Plaintiff

failed to show any justification for failing to submit the

evidence earlier or to counter Defendant's contention that this

evidence should not be considered. R&R 32. Plaintiff's objections

do not add anything further to the above analysis and thus the

Court will affirm Magistrate Judge Sitarski's assessment that

Plaintiff has failed to meet her burden to justify a sentence six

remand.

In sum, based on the foregoing, the Court will affirm

Magistrate Judge Sitarski's recommendation[9] that Plaintiff's

---

[9] Pursuant to 28 U.S.C. § 636(b)(1)(C), a judge of the
district court shall make a "de novo determination of those
portions of the report or specified proposed findings or
recommendations to which objection is made." These objections
must be filed in a timely manner, according to the rules of the
Court, which state that objections "shall specifically identify
the portions of the proposed findings, recommendations or report
to which objection is made and the basis for such objections."
E.D. Pa. R. 72.1.
    The thrust of the Plaintiff's objections to Magistrate
Judge Sitarski's Report and Recommendation is a near verbatim
reiteration of the arguments proffered in the Plaintiff's
original memorandum and reply. In fact, the Plaintiff even
incorporates all of those arguments into her objections to the
Report and Recommendation. Pl.'s Objs. at 2 ("We will not
reiterate the detailed arguments made in Plaintiff's Original
Brief and Plaintiff's Reply Brief, both of which are incorporated

request for review should be denied and judgment should be
entered in favor of the Defendant.

## IV.   CONCLUSION

Based on the information provided in Magistrate Judge
Sitarski's Report and Recommendation and Plaintiff's objections
thereto, the Court will approve and adopt the findings of the
Report and Recommendation. Accordingly, Plaintiff's request for
review will be denied and judgment will be entered in favor of
the Defendant. An appropriate order shall follow.

---

herein by reference as if fully set forth.") Not only do the
objections here fail to comply with Local Rule 72.1 for lack of
specificity, but they also reflect a lack of understanding that a
Plaintiff does not get a second bite at the apple by simply
rehashing the arguments that the Magistrate Judge previously
considered.
        In addition to incorporating all of her previous
arguments, the Plaintiff seems to highlight two bases for her
objections: (1) the ALJ's analysis at step three did not consider
all of Plaintiff's impairments in combination; and (2) the ALJ
improperly discredited the GAF scores and ignored Plaintiff's
subpoena request. For the reasons stated above, these specific
objections are overruled. See supra pp. 6-16.